IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WILLIAM RICHARD BELL, | § | |
| Reg. No. 42762-298, | § | |
|    Petitioner, | § | |
| | § | |
| | § | EP-19-CV-108-PRM |
| | § | |
| THOMAS E. BERGAMI, | § | |
| Warden, | § | |
|    Respondent. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On this day, the Court considered Petitioner William Richard Bell's [hereinafter "Petitioner"] pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1) [hereinafter "Petition"] filed on April 9, 2019, in the above-captioned cause. Petitioner is a federal prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas.[1] He alleges that Respondent Thomas E. Bergami, the Warden at La Tuna, wrongfully denied him early release from prison.

---

[1] Anthony is in El Paso County, Texas, which is within the Western District of Texas. 28 U.S.C. § 124(d)(3).

1

After due consideration, the Court is of the opinion that the Petition should be denied, for the reasons that follow.

## I. BACKGROUND AND PROCEDURAL HISTORY

On May 13, 2014, the Scurry County Sheriff obtained a warrant to search Petitioner's property in rural Scurry County, Texas. *United States v. Bell*, 1:14-CR-67-O (N.D. Tex.), Factual Resume 2, Jan. 20, 2015, ECF No. 99.[2] During the search, law enforcement agents discovered substantial quantities of methamphetamine, drug paraphernalia, and a pistol:

> On May 14, 2014, Bell left the residence and was stopped by law enforcement agents. Bell told the agents that there were five other people in the residence. Bell denied that there were guns and drugs in the residence. At approximately 11:45 a.m., agents executed the search warrant. Agents located approximately 182 grams of methamphetamine (97.8% purity), pipes, drug paraphernalia and a 9 mm Ruger pistol (from a van parked outside the residence).

*Id.* On January 20, 2015, Petitioner pleaded guilty, pursuant to a plea agreement, to count one of an indictment charging him with conspiracy to distribute and to possess with the intent to distribute fifty grams or

---

[2] The Court takes judicial notice of the docket and records of Petitioner's conviction in his criminal case. *See* Fed R. Evid. 201(B)(2) and (c)(1).

2

more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(1)(B)(viii), and 846. *Id.*, J. Crim. Case, June 11, 2015, ECF No. 154.

At Petitioner's sentencing, the Court adopted a two-level specific offense characteristic enhancement because Petitioner possessed a dangerous weapon—the pistol—at the time of the search. Pet. Ex. B (Warden's Resp. to Request for Admin. Remedy), Apr. 9, 2019, ECF No. 1-3; *see* U.S. Sentencing Guideline Manual § 2D1.1(b)(1) (U.S. Sentencing Comm'n 2014) ("If a dangerous weapon (including a firearm) was possessed, increase by 2 levels."). The Court sentenced Petitioner to 87 months' imprisonment. *United States v. Bell*, 1:14-CR-67-O (N.D. Tex.), J. Crim. Case 2. In addition, the Court recommended that Petitioner participate in a Residential Drug Abuse Program ("RDAP"). *Id.*

While incarcerated, Petitioner sought admission into the RDAP. Petitioner understood that prisoners who successfully completed the RDAP were eligible for early release from prison. 18 U.S.C. § 3621(e). Although Petitioner apparently completed the residential portion of the

RDAP, prison officials denied him early release from prison pursuant to a rule promulgated by the Bureau of Prisons ("BOP"). Pet. Ex. A (Request for Admin. Remedy), Apr. 9, 2019, ECF No. 1-3. Specifically, the rule at 28 C.F.R. § 550.55 categorically denied early release to prisoners convicted of drug trafficking offenses who received two-level sentencing enhancements for possessing firearms.

By this action, Petitioner challenges the BOP's decision denying him early release. He notes—correctly—that his conviction for conspiracy to distribute and to possess with the intent to distribute fifty grams or more of methamphetamine did not have "as an [ELEMENT], the actual, attempted, or threatened use of physical force against the person or property of another, or any other disqualifying offense. Not at all, not any." Mem. in Supp. 13, Apr. 9, 2019, ECF No. 1-2. Petitioner argues that Respondent "seems to rely on an inapplicable section of . . . 'Program Statement 5162.05, Categorization of Offenses' as support for the denial." *Id.* at 14. Furthermore, he maintains that Respondent "is denying [him] early release by using relevant conduct of the sentencing guidelines to create an element of a statutory offense, as the basis for

4

disqualification." Pet. 2–3. Accordingly, he asks the Court to "order the [R]espondent to allow [him] to participate in, and fully benefit from the Residential Drug Abuse Program, and if successfully completed, obtain the full benefits from 18 U.S.C. § 3621(e)." Mem. in Supp. 17.

## II. APPLICABLE LAW

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 provides the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). However, "[h]abeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that . . . if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). To prevail, a habeas corpus petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

During its initial screening of a habeas corpus petition, a reviewing court accepts a petitioner's allegations as true. 28 U.S.C.

§ 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Additionally, a reviewing court evaluates a petition presented by a pro se petitioner under a more lenient standard than it would apply to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. foll. § 2254 Rule 4 (applicable to § 2241 petitions pursuant to Rule 1(b)).

## III. ANALYSIS

In 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Crime Control Act of 1990, Pub. L. 101–647, § 2903, 104 Stat. 4789, 4913, codified as amended at 18 U.S.C. § 3621(b). Four years later, Congress amended the statute to provide an incentive for prisoner participation:

> The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment

6

program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Violent Crime Control and Law Enforcement Act of 1994, Pub. L. 103–322, § 32001, 108 Stat. 1796, 1897, codified at 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The statute did not specify the requirements for early release. Instead, Congress vested prison authorities with discretion "to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and uniformly applied by the Bureau of Prisons." H.R. Rep. 103–320, 103rd Cong., 1st Sess. (1993); *see also Taylor v. U.S. Bureau of Prisons*, 172 F.3d 879 (Table), 1999 WL 84249 at *1 (10th Cir. 1999).

The BOP set forth the criteria for early release in 28 C.F.R. § 550.55. The regulation provides, in pertinent part:

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
> . . . .
> (5) Inmates who have a current felony conviction for:
> . . . .
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or

> explosives (including any explosive material or explosive device) . . . .

28 C.F.R. § 550.55.

An example in BOP Program Statement 5162.05 explains how the rule categorically excludes inmates convicted of drug trafficking offenses who receive two-level specific offense characteristic enhancements for possessing firearms from early release:

> Section 841 of Title 21, United States Code makes it a crime to manufacture, distribute, or possess with the intent to distribute drugs. Under the Sentencing Guidelines (§ 2D1.1 and § 2D1.11), the defendant could receive an increase in his or her base offense level because of a "Specific Offense Characteristic" (for example, if a dangerous weapon was possessed during commission of the offense), the court would increase the defendant's base offense level by two levels. This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note [11(a)], the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

Program Statement 5162.05, Mar. 16, 2009, Section 4.b, p. 10.

In *Venegas v. Henman*, 126 F.3d 760 (5th Cir. 1997), the Fifth Circuit Court of Appeals noted the discretion given to the BOP in 18 U.S.C. § 3621. *Id.* at 762. The Court took the position that "the use of the phrase 'a nonviolent offense' [in 18 U.S.C. § 3621(e)(2)(B)] merely excludes all inherently violent offenses from eligibility for consideration, while leaving to the BOP's discretion the determination of which other offenses will or will not be eligible for consideration." *Id.* at 763. In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court held that the BOP's regulation—28 C.F.R. § 550.58(a)(1)(vi)(B) at the time—which categorically denied early release to a prisoner whose current offense was a felony attended by "the carrying, possession, or use of a firearm," was a permissible exercise of the BOP's discretion under § 3621(e)(2)(B). *Id.* at 233. Hence, the Supreme Court concluded that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, *but not the duty*, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Id.* at 241.

Accordingly, the Court determines that the BOP exercised its discretion, followed its regulation and policy, and denied Petitioner early release because he received a two-level sentencing enhancement for possessing a firearm.

Furthermore, to the extent Petitioner suggests that his categorical exclusion from eligibility for early release violates due process, he is not entitled to relief. To establish a due process violation, a petitioner must first demonstrate that he has a "liberty interest" in obtaining a sentence reduction after successfully completing the RDAP. A liberty interest may be created either under the Due Process Clause or by statute. *See Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007) (citing cases).

In the prison context, the Due Process Clause creates a liberty interest in punishment that is not "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 479 n.4 (1995)) (internal quotations omitted). Where, as here, the sentence remains "within the normal limits or range of custody which the conviction has authorized the State to impose, there is no violation of a protected liberty interest

conferred by the Due Process Clause." *Id.* (citations and internal quotations omitted).

When the Due Process Clause does not create a liberty interest, the government may create one by statute. *Id.* A statute may create a liberty interest that is "generally limited to freedom from restraint which, while not exceeding the sentence . . . as to give rise to protection by the Due Process Clause . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quoting *Sandin*, 515 U.S. at 483–84). The hallmark of a statute that does *not* create a liberty interest is discretion:

> Where the statute grants the prison administration discretion, the government has conferred no right on the inmate. Thus, a protected liberty interest exists only when a regulation uses mandatory language to place a substantive limit on official discretion. A unilateral expectation of certain treatment is insufficient; a prisoner must have a legitimate claim of entitlement to it.

*Id.* (citations and internal quotations omitted).

There is no mandatory language in 18 U.S.C. § 3621(e) or any regulation which requires the BOP to release inmates upon the successful completion of a substance abuse treatment program. *Id.* at

11

419 (citing *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir.1998)). Thus, the government has not created a liberty interest in early release.

Indeed, neither the Due Process Clause nor any federal statute or regulation confers a liberty interest in a sentence reduction upon the successful completion of the RDAP. Petitioner has not suffered any punishment "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Id.* The BOP rule which categorically excludes Petitioner from eligibility for early release means only that he will serve the remainder of his sentence under typical circumstances. Because Petitioner has no protected liberty interest in receiving a sentence reduction, he cannot establish a due process violation.

## IV. CONCLUSIONS AND ORDERS

In conclusion, the Court determines that Petitioner has not established that he has a constitutional or statutory right to early release from prison. Furthermore, the Court concludes that Petitioner has not shown that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

Consequently, the Court concludes that it appears from the face of Petitioner's Petition that he is not entitled to § 2241 relief.

Accordingly, **IT IS ORDERED** that Petitioner William Richard Bell's "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1-1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 29 day of April, 2019.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE